JEDEDIAH G. DAVIS, appellant, *vs.* OLIVER TARBLE, appellee.

Windsor, February, 1827.

In case of an appeal *by the plaintiff* from the judgment of a Justice of the Peace, to the county court, where he finally recovers in debt or damages a less sum than the amount of his legal costs in other cases, the rule of taxing his costs under the act of Nov: 9, 1822, is as follows:—To an amount of costs equal to the debt or damages, are to be added the costs accruing *at any term* in which the defendant appellee shall have obtained a continuance; but not the costs of any subsequent term, as a consequence of such continuance.

THIS action was commenced before a Justice of the Peace, where the defendant obtained a verdict, and judgment for his

Davis
*vs.*
Tarble.

costs; and the plaintiff appealed to the county court, and entered his appeal at the *March* term, 1825.

The cause was there tried at the *September* term, 1825, when the plaintiff obtained a verdict, but on motion of the defendant, the court granted a new trial.

The plaintiff's taxable costs then amounted to $57,15.

At the *December* term, 1825, the defendant moved for a continuance, which was granted, under a rule that he pay to the plaintiff the costs for that term, which rule was complied with.

At the *June* term, 1826, the cause was continued by the court, in consequence of the absence of the presiding Judge.

At the *December* term, 1826, the cause was again tried, when the plaintiff recovered a verdict for $14,79 damages, and his costs.

On taxing his bill of costs, the plaintiff claimed of his costs which had accrued previous to the said continuance at the *December* term, 1825, the sum of $14,79, being an amount equal to the damages which he had recovered, and also his costs which had accrued since the said continuance, the items of which were as follows :——

| | |
|---|---|
| *June Term,* 1826——Travel and term fee . . . | $2,00 |
| Subpœna, and the attendance of sundry witnesses . . . . . | 9,10 |
| *Dec. Term,* 1826——Travel and term fee . . . . | 2,00 |
| Attorney fee . . . . . . . . | 3,00 |
| Court, clerk and jury fees . . | 7,07 |
| Sundry witnesses . . . . . | 16,78 |

To the allowance of all which items of costs, the defendant objected, except the said sum of $14,79, on the ground that the plaintiff, being the appellant, can recover no more costs than damages, except for the costs occasioned by the continuance, had at his request, which have been paid.

The county court sustained the objection, and decided that the plaintiff should recover no more costs than the said sum of $14,79, being the amount of his damages. To this decision the plaintiff excepted, and the exception was certified to this Court for a final decision thereon.

At this term, the question was argued by *Hutchinson* for the plaintiff, and *Everett* for the defendant.

The opinion of the Court was pronounced by

SKINNER, Ch. J. The facts appearing upon the records are, that the action was originally commenced before a justice of the peace, and judgment was by the justice rendered in favour of the defendant, from which the plaintiff, Davis, appealed to the county court, and entered his appeal March term, 1825. The cause was by the county court continued to September term, 1825, when a trial was had, and verdict for the plaintiff. At the same term the defendant applied for a new trial, which was granted, and the cause continued to December term, 1825; at which term the cause was continued, *at the request of the de-*

*Windsor,*
*February,*
*1827.*

Davis
*vs.*
Tarble.

*fendant,* under a rule, that the defendant pay to the plaintiff the costs of that term.   This rule was complied with by the defendant.

At the next term, in June, 1826, the cause was continued by order of court, there being no Judge of the Supreme Court present who could preside on the trial.   At the next succeeding term of the court, in December, 1826, a trial was had, and verdict for the plaintiff for $14,79 damages, and the costs were by the court taxed and allowed at the same sum, viz. $14,79 ; to which the plaintiff excepted, and the cause passed to this Court for a final decision.

The plaintiff claims all costs which have accrued since he recovered a verdict in September, 1825, (when a new trial was granted at the instance of the defendant,) together with $14,79, *i. e.* an amount equal to the damages, being a part of the costs which accrued before that time.   The statute of 1822, *p.* 305, in directing the amount of costs to be taxed in justice's courts, declares---"the plaintiff shall recover no more costs than debt or damages, except costs which may accrue from continuance at the request of the defendant," and also in case the plaintiff appeals, "the county court shall follow the same rule in taxing bills of cost."   It is insisted by the counsel for the plaintiff, that the practice in this county has been conformable to the rule he has adopted in making up the bill of costs in this case, and by the defendant that no such practice has obtained.   A different rule has certainly been pursued in some of the counties, and in as much as the question is one which must frequently arise in the several county courts in the state, and is of very considerable importance, we have carefully considered it, and such of the members of the Court as are authorized to sit in the case, are perfectly agreed in the opinion about to be expressed.

If the verdict of the jury at September term, 1825, had not been set aside, the judgment would have been for costs to the amount of the damages, and no more.   We are not advised of the cause for granting a new trial, but as no terms were imposed upon the defendant, it is presumed the fault was not his.

The new trial having been granted without any conditions, the rights of the parties remain precisely as they were before the trial ; and if the cause is, according to the uniform practice by the court, continued to the next term for trial, this cannot be held a continuance at the request of the defendant.   At the December term, 1825, the cause was continued at the request of the defendant, under a rule that the defendant pay to the plaintiff all costs of that term ; these costs having been paid, cannot again be taxed by the plaintiff.   By the settled practice of the courts, if a cause is continued at the instance of either party, on his paying to the opposite party the costs of the term, such costs are extinguished.

It is urged that all costs arising after the defendant obtains a continuance, are presumed to be costs, in the language of the

Windsor,
February,
1827.

Davis
vs.
Tarble.

statute, that "accrue from continuances at the request of the defendant." Surely it cannot be a rational construction of the statute to say, if at any subsequent term, the plaintiff himself should apply for and obtain a continuance, that the costs occasioned thereby are costs "accruing from continuances at the request of the defendant;" and with equal force may this construction be resisted, if the cause, instead of being continued at the instance of the plaintiff, should, contrary to the wishes of both defendant and plaintiff, be continued by order of court, on account of the absence of one of the judges, sickness, want of time, or any other reason which, according to the ordinary course, may be deemed cause of continuance. It is said, we are to presume the cause would have been tried at the first term, if the defendant had not requested a continuance. This may perhaps be a fair presumption, but not so strong as that it would have been tried at any subsequent term; indeed, a cause at the first term of the court in which it is entered, must necessarily stand late in the docket, and the prospect of a trial, as far as the want of time may affect the chance, increases from term to term. The claim for court, clerk, jury and attorney fees on trials, is made without any show of reason, and strongly illustrates the propriety of the construction which the Court have given to the statute.

If a trial had been had at the term in which the cause was continued at the request of the defendant, these expenses must of course have been incurred; and how can it be urged, that, if they do not arise at that term, (there being no trial,) at a subsequent term, when a trial is had, and the moneys expended thereon, this cost has accrued by means of the continuance?

The extreme difficulty, if not the absolute impossibility of determining what costs have actually accrued by reason of a continuance, renders it necessary for the Court to adopt some general rule of construction, best calculated to meet the intention of the legislature; and we believe the only practicable one is, that to an amount of costs equal to the debt or damages, are to be added the costs accruing at the term in which the defendant obtains the continuance.

This rule, though it may not do injustice to the defendant, may operate favourably, it is true, for the plaintiff. Should the defendant insist upon a trial at the first term, the plaintiff may be compelled, at great expense, his cause standing near the close of the docket, to keep his witnesses through a long term, when if the defendant had applied in season, according to the rule of the court, for a continuance, none, or very trifling costs, would have arisen at that term; and at the next term, the cause standing early for trial, the costs to the plaintiff will be very light, compared with what would have arisen, if a trial should have been had at the first term, or the plaintiff kept in attendance with his witnesses till the close of the term, and no

*Windsor,*
*February,*
*1827.*

*Davis*
*vs.*
*Tarble,*

trial then had, for want of time. The judgment of the county court must therefore be affirmed, &c.

*Hutchinson & Aikens,* for the plaintiff.

*Everett,* for the defendant.